IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ROBERT MEEKS                                                                                          PLAINTIFF

vs.                                       Civil No. 1:06-cv-01117

MICHAEL J. ASTRUE                                                                                  DEFENDANT
Commissioner, Social Security Administration


**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Robert Meeks ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this case to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. The Court, having reviewed the entire transcript and relevant briefing, recommends that the ALJ's determination be **AFFIRMED.**

**1. Background:**

Plaintiff filed an application for DIB on December 2, 2003. (Tr. 58-60). In this application and in the supporting documents filed with the SSA, Plaintiff alleged he was disabled due to back illness. (Tr. 88). Plaintiff alleged an onset date of November 1, 2003. (Tr. 58). These applications were initially denied on March 2, 2004 and were denied again on reconsideration on April 12, 2004. (Tr. 42-44, 49-50).

1

On May 12, 2004, Plaintiff requested an administrative hearing on his application. (Tr. 52). The hearing was held on April 19, 2005 in El Dorado, Arkansas. (Tr. 201-219). Plaintiff was present and was represented by counsel, R. Theodore Stricker, at this hearing. *See id.* Plaintiff and Vocational Expert (VE) Deborah Bailey testified at this hearing. *See id.*

On July 29, 2005, the ALJ found Plaintiff entitled to a closed period of disability from November 1, 2003, to January 30, 2005, when Plaintiff returned to work. (Tr. 129-136). On February 8, 2006, the Appeals Council advised Plaintiff they would reopen Plaintiff's case and revise the hearing decision. (Tr. 139-141). On March 8, 2006 the Appeals Council remanded Plaintiff's case and vacated the ALJ's decision awarding Plaintiff a closed period of disability. (Tr. 144-145). The Appeals Council noted additional evidence obtained after Plaintiff's hearing showed Plaintiff returned to work at B and B Hardwood on July 12, 2004, and not in January 2005 as Plaintiff testified too. (Tr. 144). Plaintiff was employed with B and B Hardwood through January 2005. (Tr. 146). Plaintiff was then employed as a truck driver from February 2005 through September 2005. (Tr. 226-227).

On May 2, 2006, the ALJ held a supplemental hearing in El Dorado, Arkansas. (Tr. 220-241). Plaintiff was present and was represented by counsel, R. Theodore Stricker, at this hearing. *See id.* Plaintiff and Vocational Expert (VE) Tyra Watts testified at this hearing. *See id.*

On May 26, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for DIB. (Tr. 16-22). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 22, 2005. (Tr. 18, Finding 2). The ALJ determined Plaintiff had a severe impairment of back and hip pain. (Tr. 18, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that

met or medically equaled one of the listed impairments Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 19-20, Finding 5). The ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of SSR 96-7p. (Tr. 19-20). After reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other symptoms, based upon several findings, including the following: (1) Plaintiff worked, after filing his DIB application, from July 2004 through September 21, 2005 and this work constituted SGA; (2) Dr. Cathey encouraged Plaintiff to seek disability benefits, yet his notes showed normal straight leg raise and neurological findings; (3) Daily activities inconsistent with being disabled; and (4) Plaintiff alleged an onset date of November 1, 2003, yet he returned to work in July 2004 and as a result, Plaintiff did not meet the durational requirements of the impairment. (Tr. 19-20).

After discounting Plaintiff's subjective complaints, the ALJ the reviewed all the medical evidence and the hearing testimony and determined Plaintiff's RFC. (Tr. 19-20, Finding 5). The ALJ specifically found:

> After carful consideration of the entire record, the undersigned finds the claimant had the residual functional cap effective September 22, 2005 to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8 hour day, and can stand/walk 6 hours in an 8 hour day. He can occasionally climb balance stoop, crouch, kneel, and crawl. Finally, he experiences mild to moderate pain.

(Tr. 19, Finding 5). *See* 20 C.F.R. § 416.967(a).

The ALJ then determined that Plaintiff could not perform his Past Relevant Work ("PRW") as a truck driver, but was able to perform work existing in significant numbers in the national

3

economy.  (Tr. 20, 21 Findings 6, 10).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 231-232, 237-240).  The VE testified that a hypothetical person with Plaintiff's RFC could not return to Plaintiff's PRW.  (Tr. 238-239).

However, the VE then testified a hypothetical person with Plaintiff's RFC, age, education, and work experience could perform other work in the national economy.  (Tr. 21, Finding 10).  For example, the VE testified such a hypothetical person could perform work as an assembler (29,000 such jobs in the State of Arkansas and 180,000 in the nation), and shipping clerk  (7,500 such jobs in the State of Arkansas and 75,000 in the nation).  (Tr. 21, Finding 10).  The ALJ went on to find Plaintiff was not under a disability from his alleged onset date through the date of the decision.  (Tr. 21, Finding 11).

On July 27, 2006, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 12).  *See* 20 C.F.R. § 404.984(b)(2).  The Appeals Council declined to review the decision of the ALJ.  (Tr. 8-10).   On December 19, 2006, Plaintiff appealed the ALJ's decision to this Court. (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 17, 18).  This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

5

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

The Plaintiff appealed the decision of the Commissioner finding him not disabled. He claims (1) the ALJ failed to properly consider the Plaintiff's medical evidence, (2) Plaintiff was entitled to a trial work period, (3) the ALJ erred in disregarding the Plaintiff's complaints of pain, and (4) the ALJ posed an improper hypothetical to the VE. The Defendant argues (1) the ALJ properly considered Plaintiff's medical evidence, (2) the Plaintiff was not entitled to a trial work period, (3) the ALJ properly considered Plaintiff's complaints of pain, and (4) the ALJ asked a proper hypothetical to the VE.

**A. Plaintiff's Medical Evidence**

Plaintiff claims the medical evidence shows he was disabled. The Defendant argues the ALJ properly considered the medical evidence.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v.*

*Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case, the ALJ found Plaintiff had a severe impairment of back and hip pain.  (Tr. 18). In his decision, the ALJ indicated he considered Plaintiff's medical evidence.  (Tr. 19).  Plaintiff alleged he could no longer work as of November 1, 2003.  On November 4, 2003, Plaintiff was seen by Dr. James Seale for right hip and back pain.  (Tr. 107).  Dr. Seale ordered an MRI of the lumbar spine which was done on November 21, 2003.  (Tr. 98).  The MRI showed prominent disc bulging at L5-S1 and L4-L5, causing encroachment upon the thecal sac posteriorly and effacement of the neural foramina bilaterally;  the L3-L4 disc showed only minimal omnidirectional disc bulging and was deemed not surgically significant;  and the L2-L3 disc was otherwise unremarkable.  (Tr. 98). Following Plaintiff's MRI, Dr. Seale referred Plaintiff to Dr. Steven Cathey.  (Tr. 106).

On March 22, 2004 Plaintiff was seen by Dr. Steven Cathey.  (Tr. 113).  Plaintiff complained of chronic low back pain into both hips.  According to Dr. Cathey, Plaintiff had a negative neurological examination, no sign of lumbar radiculopathy, and a normal straight leg raise.  (Tr. 113).  Plaintiff had tenderness in the lower lumbar area with no signs of spasm or restriction of

movement. (Tr. 113).

Dr. Cathey indicated Plaintiff had degenerative disc disease, but he saw no evidence of nerve root impingement. (Tr. 113). Dr. Cathey did not feel Plaintiff was a surgery candidate. Dr. Cathey also indicated he discussed pain management with Plaintiff. (Tr. 113).

On September 26, 2005, Plaintiff was seen again by Dr. Cathey. (Tr. 183). Plaintiff continued to complain of low back pain. Dr. Cathey stated Plaintiff was awarded disability benefits and after this he decided to quit working. (Tr. 183). Plaintiff's neurological exam was negative and his straight leg raise was negative. Dr. Cathey's overall assessment does not indicate Plaintiff's condition had changed since his last visit a year and half prior. (Tr. 113). There is no indication Dr. Cathey placed any work restrictions on Plaintiff. Also, there is no indication Plaintiff received treatment for his back pain after this last visit with Dr. Cathey.

I find the ALJ properly reviewed Plaintiff's medical. Further, the medical evidence does not establish disability as argued by Plaintiff. (Tr. 19).

### B. Trial Work Period

Plaintiff filed an application for DIB on December 2, 2003, and alleged an onset date of November 1, 2003. Plaintiff work at B and B Hardwood from July 12, 2004 through January 2005. (Tr. 144-146). Plaintiff was then employed as a truck driver from February 2005 through September 2005. (Tr. 226-227). Based on this work, the ALJ found Plaintiff did not establish a physical or mental disability that lasted at least one year and that prevented Plaintiff engaging in any substantial gainful activity. (Tr. 19-20).

Plaintiff argues his return to work in July 2004 should be considered a trial work period. However, the Plaintiff is not entitled to a trial work period if work is performed within twelve

months of the onset of the impairment. *See Walton v. Barnhart*, 535 U.S. 212, 122 S.Ct. 1265 (2002). Also, according to 20 C.F.R. § 404.1592(d)(2)(iii), claimants are not entitled to a trial work period if they perform work demonstrating the ability to engage in substantial gainful activity within twelve months of the onset of the impairment.

The evidence shows Plaintiff performed work within twelve months of the onset of the impairment which was considered substantial gainful activity. As such, Plaintiff is not entitled to a trial work period.

### C. Credibility Determination

Plaintiff claims the ALJ erred by discounting his subjective complaints of pain. In response, Defendant claims the ALJ properly considered Plaintiff's subjective complaints of pain and other limitations.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines

---

[1] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ's analysis met the requirements of *Polaski*. In assessing Plaintiff's credibility and evaluating his subjective complaints, the ALJ discounted those complaints for legally-sufficient reasons. Specifically, as noted above, the ALJ evaluated those subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of SSR 96-7p. (Tr. 19-20). Then, after reviewing these factors, the ALJ discounted Plaintiff's subjective complaints of disabling pain and other limitations based upon several findings, including the following: (1) Plaintiff worked, after filing his DIB application, from July 2004 through September 21, 2005 and this work constituted SGA; (2) Dr. Cathey encouraged Plaintiff to seek disability benefits, yet his

notes showed normal straight leg raise and neurological findings; (3) Plaintiff's daily activities were inconsistent with being disabled; and (4) Plaintiff alleged an onset date of November 1, 2003, yet he returned to work in July 2004 and as a result, Plaintiff did not meet the duration requirements of the impairment. (Tr. 19-20).

The ALJ discussed the duration, frequency and intensity of Plaintiff's pain and found it involved lumbar and hip pain. The ALJ also reviewed Plaintiff's medications and dosage amounts. (Tr. 20). Further, Plaintiff offered no probative, objective medical evidence to show that he had ever been advised by any treating or examining physician that his symptoms were of such severity as to completely preclude involvement in SGA.

This analysis, and these noted inconsistencies, are sufficient to meet the requirements of *Polaski*. *See Chamberlain v. Shalala,* 47 F.3d 1489, 1494 (8th Cir. 1995) (holding that "[w]here conflicting allegations and claims exist, credibility findings are for the ALJ to make"). Accordingly, because the ALJ's credibility determination is supported by substantial evidence, the ALJ's credibility determination, and the ALJ's decision to discount Plaintiff's subjective complaints of disabling pain and other limitations should be affirmed.

### D. Hypothetical Question

Plaintiff argues the hypothetical question posed by the ALJ to the VE failed to include all of Plaintiff's impairments, namely Plaintiff's ability to sit and stand, and as such, was an improper hypothetical. The Defendant asserts the ALJ's hypothetical question was proper and included all credible impairments found by the ALJ to be supported by the record.

It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established that the ALJ

must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

  The ALJ found Plaintiff had the RFC to carry up to 20 pounds occasionally and 10 pounds frequently and ability to sit, stand, or walk for six hours out of an eight hour workday. (Tr. 19, Finding No. 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 239-240). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 21). Relying on the VE testimony, the ALJ found that claimant was not under a disability as defined by the Act. (Tr. 21).

  Plaintiff contends the ALJ did not pose a proper hypothetical question to the VE because the ALJ did not include his limited ability to sit and stand. However, the record does not indicate that Plaintiff had a limited ability to sit and stand and Plaintiff has failed to offer any evidence indicating Plaintiff has a limited ability to sit and stand.

  The ALJ's hypothetical question properly set forth those limitations he found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated that jobs exist in both the national and local economy for the vocational profile of the person in the hypothetical question. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and the undersigned recommends that the ALJ's disability determination be affirmed.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See  *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of February, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

13